**BONNEY**

v.

**OTIS WRIGHT & SONS, INC. et al.**

Court of Common Pleas of Ohio,
Miami County,
General Division.

No. 94–18.

Decided Aug. 16, 1996.

*Otto Daniel Wolff* and *Matthew W. Stein,* for plaintiff.

*Theodore M. Munsell* and *Robert B. Graziano,* for defendants.

**6**

Jeffrey M. Welbaum, Judge.

This case came on for the court's consideration upon the motion of defendants to tax costs to plaintiff, D. Kenneth Bonney, filed April 5, 1996. Plaintiff responded to defendants' motion with a memorandum and countermotion for costs in plaintiff's favor pursuant to Civ.R. 37(C) and Civ.R. 11. Defendants' motion is granted. Plaintiff's motion is overruled.

The court finds that defendants Otis Wright & Sons, Inc. et al. are the "prevailing party." The facts relating to how settlement progressed is not in dispute. Plaintiff's last settlement demand was $145,000 prior to trial. Defendants' last settlement offer was $50,000. Two-thirds of this amount ($33,333) was to be paid to plaintiff: one-third ($16,666) was to be paid to plaintiff's workers' compensation carrier in order to totally extinguish a $70,000 lien. The jury returned a verdict to plaintiff in the amount of $25,000. This sum is $25,000 less than defendants' last settlement offer.

▇ The "prevailing party" is one in whose favor a decision or verdict is entered and judgment entered. *Hagemeyer v. Sadowski* (1993), 86 Ohio App.3d 563, 621 N.E.2d 707.

▇ A court may look to matters outside the record to determine who is the prevailing party. *Yetzer v. Henderson* (June 4, 1981), Richland App. No. CA-1967, unreported, 1981 WL 6293. In *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 597 N.E.2d 153, both the Ohio Supreme Court and the Second District Court of Appeals in *Vance v. Roedersheimer* (June 19, 1991), Montgomery App. No. 12370, unreported, 1991 WL 108732, determined that a party who goes into a trial with an award of $10,000 and emerges with a $5,000 judgment can hardly be said to have prevailed. *Vance v. Roedersheimer, supra,* 64 Ohio St.3d at 555, 597 N.E.2d at 156; *Vance v. Roedersheimer, supra,* 1991 WL 108732.

▇ Trial courts have locally interpreted *Vance v. Roedersheimer* to require a "bird in the hand" analysis. That is, should plaintiffs be offered a firm settlement prior to trial and not receive a judgment equal to or greater than the settlement offer, plaintiffs are not the "prevailing party" under Civ.R. 54(D).

The rationale of *Vance* has been employed to assess costs against a plaintiff in situations where an offer of settlement has been rejected and a jury later returns a verdict in an amount less than the settlement offer. *Makley v. Piercy* (May 25, 1994), Warren C.P. No. 92CV50239, unreported (attached as Exhibit A); *Randall v. Rich* (Apr. 14, 1994), Montgomery C.P. No. 93–318, unreported (attached as Exhibit B); *French v. Bailey* (Apr. 19, 1993), Butler C.P. No. CV91–07–1212, unreported (attached as Exhibit C); *Arthur v. Rickett* (Dec. 18, 1992), Logan C.P. No. CV91–10–0247, unreported (attached as Exhibit D). In all of these cited

cases, the juries ultimately awarded the plaintiffs less than the defendants' preceding offers. The courts found that the defendants were the prevailing party and assessed court costs against plaintiffs.

The court finds that *Akron Precision Stripping, Inc. v. Conley* (Oct. 17, 1990), Summit App. No. 14619, unreported, 1990 WL 163878, and *Landgraf v. Sheedy Paving* (May 21, 1993), Franklin C.P. No. 91CVH11–9455, unreported, are not applicable here. The general focus of the lawsuit here was not on damages. The issue of liability was contested. Defendants requested and received an instruction on comparative negligence; therefore, the cases cited by defendants are not directly applicable here.

Moreover, these findings preclude the court from assessing costs against defendants as sought by plaintiff's motion. The court finds that the questions propounded by plaintiff were disputable. A party should not be charged for an opponent's cost of proving an issue where the denial is based on a belief that the matter was disputable. This is a good reason for not admitting the matter under Civ.R. 37(C). *Youssef v. Jones* (1991), 77 Ohio App.3d 500, 602 N.E.2d 1176. Accordingly, plaintiff's motion to assess costs and attorney fees is overruled. Counsel for defendants shall prepare, circulate, and submit a judgment entry reflecting this decision. Costs shall be paid by plaintiff.

It is so ordered.

*Judgment accordingly.*

Exhibit A

IN THE COURT OF COMMON PLEAS
WARREN COUNTY, OHIO

BRENDA MAKLEY
 Plaintiff,

vs.

REBECCA PIERCY et al.
 Defendants,

CASE NO. 92CV50239

Decided May 25, 1994

DECISION AND ORDER

This matter is before the court upon the plaintiff's MOTION TO ASSESS COSTS.

The record reflects that prior to trial summary judgment was entered in favor of the plaintiff on the issue of negligence. Thus, the jury received only a verdict form for the plaintiff, and they returned a verdict in the amount of $1,964.

To accept plaintiff's argument, the plaintiff would be defined as the prevailing party regardless of what amount the jury might have entered on the verdict form.

8

Counsel for the plaintiff does not contest defense counsel's representation that for at least one year prior to trial and up to the day of trial the defendant extended an offer of $6,000 to settle the case.

The court believes that one of the functions of counsel is to attempt to settle cases in an effort to economize both costs to the parties and time to the court.

The plaintiff elected to "take a shot," which reduced her position by roughly two-thirds. Although the settlement offer was not an offer that "could not be refused" the defendant certainly wound up in an improved position over her attempts to settle and the plaintiff wound up in a lesser position.

The court concludes that in this case the defendant was the prevailing party. It is hereby ordered that the plaintiff's Motion be overruled.

/s/ Neal B. Bronson
 Neal B. Bronson, Judge
 Common Pleas Court

Exhibit B

IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO

| | |
|---|---|
| JOHN L. RANDALL, | ) CASE NO. 93–318 |
| | ) Decided Apr. 14, 1994 |
| Plaintiff, | ) (Judge William MacMillan, Jr.) |
| | ) |
| -vs- | ) ENTRY AND ORDER SUSTAINING IN |
| | ) PART DEFENDANTS' MOTION FOR |
| MARY C. RICH, | ) COSTS |
| | ) |
| Defendant. | ) |

Defendant requests this Court to grant her motion for costs pursuant to Civ.R. 54(D). After considering the memoranda, the Court finds that the motion is well taken in part, and therefore SUSTAINED as to the request for witness fees.

Defendants' motion pursuant to Civ.R. 54(D) presents two questions for the Court. First, Civ.R. 54(D) only operates in favor of the prevailing party, who must be determined. Second, only the type of "costs" contemplated by 54(D) may be awarded.

Civ.R. 54(D) states that "Except when express provision therefore is made *either in a statute or in these rules,* costs shall be allowed to the *prevailing party* unless the court otherwise directs." Where a party goes into Court with one award, but receives a lower award at trial, it is consistent with Civ.R. 54(D) to view that party as the non-prevailing party. *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 555 [597 N.E.2d 153, 156]. Plaintiff, John Randall, was presented with a bona fide settlement offer of $7,500 prior to trial. Plaintiff elected to go to trial where a jury verdict of $1,000 was returned in his favor. Under the logic of

*Vance,* the Plaintiff cannot be deemed the prevailing party, as he was better off before trial. Accordingly, in this situation the mandate of Civ.R. 54(D) that the prevailing party receive costs is available to the Defendant as the prevailing party.

However, only "costs" contemplated by Civ.R. 54(D) may be awarded to the Defendant. "Costs * * * may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action * * * and in which the statutes authorize to be taxed and included in the judgment. * * * They are allowed only by authority of statute." *Vance, supra,* citing *Centennial Ins. Co., v. Liberty Mut. Ins. Co.,* (1982) 69 Ohio St.2d 50 [23 O.O.3d 88, 430 N.E.2d 925]. The court went on to state that the "subject of costs is one entirely of statutory allowance and control." *Id.* Accordingly, the lower court's award of costs, which included deposition costs, was remanded for consideration under the *Vance* court's more restrictive definition of costs. Similarly, relying on *Vance,* the court in *Wiltsie* concluded that "absent explicit statutory authorization, litigation expenses may not be properly taxed as costs." *Wiltsie v. Teamor* (1993), 89 Ohio App.3d 380, 388 [624 N.E.2d 772, 777]. Focusing especially on depositions, the court continued, saying that costs were allowed only when "explicitly authorized by statute," and that the court knew of "no statute which allows deposition expenses to be awarded as costs." *Id.* Indeed, deposition expenses are not listed in either O.R.C. 2303.20 governing fees, or O.R.C. Chapter 2335 specifying fees and costs.

This Court has not found, nor has the Defendant asserted, any statutory basis for allowing the cost of deposition fees to be awarded pursuant to Civ.R. 54(D). Consequently, the Court finds that the Defendant's request for deposition expenses is not well taken and is OVERRULED.

The Defendant's request for witness fees, which is explicitly authorized in O.R.C. 2335.06, is well taken and is SUSTAINED.

Accordingly, this Court ORDERS that the Plaintiff, John Randall, pay to the Defendant, Mary Rich, $38.00, the sum of the Defendant's witness fees.

/s/ William MacMillan, Jr.
 William MacMillan, Jr., Judge

Exhibit C

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

| | |
|---|---|
| Joy French et al., | ) CASE NO: CV91–07–1212 |
| | ) |
| Plaintiffs, | ) Decided Apr. 19, 1993 |
| | ) |
| vs. | ) ORDER SUSTAINING MOTION |
| | ) TO ASSESS COSTS TO PLAINTIFF |
| Dawn Bailey et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on the defendant's motion to assess the costs of this action against plaintiff. The defendant offered $35,000, in an attempt to settle this matter before trial; immediately before trial, the offer was increased to $40,000; and, to $43,000, in the course of the trial. The Court attempted to prevail upon the plaintiff to take this sum of money, however, to no avail.

Civ.Rule 54(D) provides:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

In the matter *sub judice,* the parties are at issue as to whether or not the plaintiff was in fact a "prevailing party." Both plaintiff and the defendant cite the case of *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552 [597 N.E.2d 153]. In *Vance,* the plaintiff received an arbitration award of $10,000, and being unsatisfied, appealed the matter, which was heard *de novo* in the Common Pleas Court. There, the plaintiff only recovered $5,000. The Court in *Vance* stated that the plaintiff could hardly be said to have prevailed. The Court also concluded in *Vance* that Civ. Rule 54(D) did not preclude the Court from awarding costs to a non-prevailing party.

By any stretch of the imagination, is the plaintiff the prevailing party *sub judice?* Negative! We are not necessarily concluding because the plaintiff received less than the offer that he is not a prevailing party; however, when plaintiff gets less than 50% of what he is offered, we have no problem coming to a conclusion that he did not prevail.

We believe that Civ.Rule 54(D) does offer the Court some discretion and perhaps, for the very reason, to accommodate a factual situation as we have *sub judice.* We feel that when a party becomes obstinate towards settlement and the verdict demonstrates overwhelmingly that his obstinacy was ill-conceived, the Court must be provided some discretion to avoid such situations in an effort to move the docket.

We, therefore, sustain the motion in this matter and assess court costs against the plaintiff.

/s/ John R. Moser
 John R. Moser, Judge

Exhibit D

IN THE COMMON PLEAS COURT OF LOGAN COUNTY, OHIO

STACY TREVORROW ARTHUR,

 Plaintiff,

vs. Case No. CV91–10–0247

VELMA M. RICKETTS, Decided Dec. 18, 1992

 Defendant.

## JUDGMENT ENTRY

Upon the evidence produced at trial, the arguments of counsel and instructions by the Court, the jury rendered a verdict in favor of the Plaintiff, Stacy Trevorrow Arthur, against the Defendant, Velma M. Ricketts, in the total amount of Three Hundred Sixty-seven Dollars ($367.00).

In accordance with the jury's verdict, the Court enters a judgment as follows:

Judgment is rendered in favor of the Plaintiff, Stacy Trevorrow Arthur, against the Defendant, Velma Ricketts, in the total amount of Three Hundred Sixty-seven Dollars ($367.00).

Defendant moved to have the costs assessed to the Plaintiff in that Defendant asserts she prevailed at trial. The Court finds the motion WELL TAKEN. The Court finds that Plaintiff's Pre–Trial Brief filed herein (October 19, 1992) acknowledges that Defendant offered $2,500.00 to settle this case. Since the jury returned a verdict of $367.00 and Plaintiff has previously been offered $2,500.00, this Court finds that Defendant was the prevailing party. This Court relies upon the rationale applied in *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552 [597 N.E.2d 153]. In that case, there was an arbitration award as opposed to an offer of settlement, but the rationale is the same. In both cases, the Defendant's position after trial was improved, and the Defendant, therefore, prevailed.

It is, therefore, ORDERED that the court costs, including the jury fees, are assessed to the Plaintiff. In addition, the costs of the video deposition of Dr. Meyer and Dr. Pasha, totaling $941.25, are taxed as costs and assessed to the Plaintiff.

Plaintiff has also filed a Motion for a New Trial, a Motion for Additur, a Motion for Judgment Notwithstanding the Verdict, and a Motion to Assess Costs. The Court, having found the Defendant to be the prevailing party, finds the Plaintiff's Motion to Assess Costs to be NOT WELL TAKEN. Likewise, the Motion for a New Trial, the Motion for Additur, and the Motion for Judgment Notwithstanding the Verdict are found to be NOT WELL TAKEN. A jury listened to this

**12**

case attentively for two days; the jury deliberated for approximately one hour. There was evidence to support their verdict. The Plaintiff presents no new evidence that was not considered by the jury. To disturb the jury's verdict would be to deprive the Defendant of her right to a jury trial.

It is, therefore, ORDERED that the Plaintiff's Motions for a New Trial, for an Additur, for a Judgment Notwithstanding the Verdict and to Assess Costs be, and hereby are, DENIED.

/s/ Mark S. O'Connor
Judge Mark S. O'Connor