**COOPER**

v.

**MORRIS** █

Marion Municipal Court, Ohio.

No. 96 CVE 00832.

Decided Jan. 29, 1997.

*S. Fredrick Zeigler,* for plaintiff Matilda Cooper.

*Crystal R. Richie,* for defendant Steven M. Morris.

WILLIAM R. FINNEGAN, Judge.

This day this cause came on for consideration upon the motion of the defendant to assess costs to the plaintiff. The plaintiff filed a memorandum in opposition to the motion, and the defendant has filed a reply memorandum.

This action for personal injury filed by the plaintiff came on for jury trial on December 16, 1996, with the jury returning a verdict in favor of the plaintiff against the defendant in the amount of $2,000. Pursuant to this court's custom, the court prepared the judgment entry in this action and filed it on December 19, 1996, granting judgment to plaintiff in the amount of $2,000 plus interest and court costs.

On January 7, 1997, the defendant filed a motion to assess costs to plaintiff. The defendant bases his position on the allegation that the defendant offered the plaintiff $3,262 to settle the case prior to trial, and, as the plaintiff was awarded only $2,000 from the jury, claims that the defendant is, in fact, the prevailing party. The plaintiff, in her memorandum in opposition, disputes the allegations as to settlement status made by the defendant. In addition, the plaintiff takes the position that the defendant's motion should be overruled due to not being timely filed. The court must therefore first rule on the issue of whether the defendant has timely filed his motion to assess costs to plaintiff.

Civ.R. 58(A) requires that upon the general verdict of a jury, the court shall promptly cause the judgment to be prepared, and, the court having signed it, the clerk shall thereupon enter it upon the journal. This was done in this action on December 19, 1996. Civ.R. 58(C) provides that entry of the judgment shall not be delayed for the taxing of costs. The 1970 Staff Note to Civ.R. 58 states that "if either party should dispute the amount of costs taxed to him, he would by motion seek Court review of the costs assessed. But the entry of judgment would not be delayed by the taxing of costs or a dispute over the taxing of costs." The defendant is permitted to file the motion to assess costs, even though the judgment entry has been filed. The court shall consider the merits of the defendant's motion.

Civ.R. 54(D) provides:

"Except when express provision therefor is made either in a statute or in these Rules, costs shall be allowed to the prevailing party unless the Court otherwise directs."

■ The term "prevailing party" is not expressly defined in the Civil Rules. It is the defendant's position that he was the prevailing party in this action, because the plaintiff was awarded a jury verdict in an amount less than the amount the defendant allegedly offered the plaintiff to settle the case prior to trial. In support of this contention, the defendant cites the case of *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 597 N.E.2d 153. In *Vance*, the plaintiff, Vance, filed a personal injury lawsuit against Roedersheimer. The trial court assigned the case for compulsory arbitration pursuant to local court rule. The arbitration panel found that Mr. Vance should be awarded $10,000, and that Mrs. Vance should recover $1,000 for loss of consortium. The Vances opted to exercise their right to appeal the arbitration decision for trial *de novo*, and after trial, Mr. Vance was awarded $5,000, and Mrs. Vance was awarded zero.

In a four-to-three decision, the Ohio Supreme Court found that in a situation where the trial, although *de novo*, is an appeal from an arbitration award, the party who goes into such a trial with an award of $10,000 and emerges with $5,000 can hardly be said to have prevailed. See *Vance, supra*, at 555, 597 N.E.2d at 156.

The defendant also supports his motion by citing the decisions of a number of trial-level courts in Ohio, which have extended the *Vance* decision to situations where plaintiffs in lawsuits have been awarded less than the settlement offers made by the defendant prior to trial. *Bonney v. Otis Wright & Sons, Inc.* (C.P.1996), 80 Ohio Misc.2d 5, 671 N.E.2d 1385.

The plaintiff responds to the defendant's motion, initially stating that consideration of settlement offers would require consideration of matters outside the record, which is improper, and further, as stated before, that the defendant's representations as to the status of negotiations are incorrect in any event.

The court finds that the arguments of the defendant are not well taken. Although there is no specific definition of "prevailing party" in the Ohio Rules of Civil Procedure, a "prevailing party" has been defined as one in whose favor the decision or verdict is rendered and judgment entered. *Hagemeyer v. Sadowski* (1993), 86 Ohio App.3d 563, 621 N.E.2d 707; *Yetzer v. Henderson* (June 4, 1981), Richland App. No. CA–1967, unreported, 1981 WL 6293. In the case at bar, it is the plaintiff who received the verdict in her favor and who received judgment. While it is true that the *Vance* decision appears to carve out an exception to the above-stated general rule, the fact that the *Vance* decision was a four-to-three decision in a case involving an appeal from an arbitration, and not a situation where settlement negotiations were involved, weighs against extending the rationale in the majority opinion of *Vance* to situations where plaintiffs recover less at trial than was offered to them prior to trial. It should be remembered that three of the Justices of the Ohio Supreme Court believed that Mr. and Mrs.

Vance were the prevailing parties, and not the defendant. See *Vance*, concurring and dissenting opinion of Justice Douglas, 64 Ohio St.3d at 559, 597 N.E.2d at 158–159.

The decision of the *Vance* case is readily distinguishable from the case at bar, as this case did not involve an appeal from an arbitration proceeding. There are substantial differences between appealing a decision of presumably impartial arbitrators, as opposed to the processes involved in a negotiation between two adverse parties. It may be argued that if one has already gone through an arbitration proceeding, both parties would thereafter be able to be in a much better position to gauge the strengths and weaknesses of their claims or defenses before an impartial jury or judge on appeal. It might well be appropriate to find the defending party to be the prevailing party if the plaintiff was unable to recover a judgment at trial which was more than the arbitration award.

In settlement negotiations, there has been no hearing before any impartial arbitrators or other impartial parties. Assessment of a party's claims or defenses is more difficult.

The strongest argument against using settlement negotiations as a consideration for the assessment of court costs is found in Civ.R. 68. Civ.R. 68 states:

"An offer of judgment by any party, if refused by an opposite party, may not be filed with the court by the offering party for purposes of a proceeding to determine costs.

"This rule shall not be construed as limiting voluntary offers of settlement made by any party."

Prior to the creation of the Ohio Rules of Civil Procedure, there were statutory procedures allowing for offers of judgment. These provisions were found in former R.C. 2311.14 through 2311.20. For instance, former R.C. 2311.17 contained a procedure where a defendant in an action for recovery of money only was able to, at any time before trial, serve upon the plaintiff or his attorney an offer in writing to allow judgment to be taken against him, for the sum specified therein. If the plaintiff accepted the offer and gave notice to the defendant or his attorney within five days, the plaintiff could file the offer, as well as an affidavit that the notice of acceptance was delivered, or the defendant could file the acceptance, verified by affidavit. Judgment would thereupon be rendered accordingly. If the offer was not accepted, the offer was deemed withdrawn, and if the plaintiff failed to obtain judgment for more than was offered by the defendant, the plaintiff was required to pay the defendant's costs from the time of the offer.

Civ.R. 68 ended this practice, for the reason that the use of offers of judgment as a basis of costs proceedings has in the past often had a one-sided, coercive effect. See Staff Note to Civ.R. 68. It can be seen that such a procedure would

be one-sided, because the defendant in the money action would be paying court costs anyway if the plaintiff was awarded judgment in the vast majority of situations under pre-Civil Rule law, and the defendant therefore had nothing to lose in making such an offer, whereas the plaintiff would end up having to pay court costs imposed after the offer was made, even though he or she was not the wrongdoer, if the plaintiff was awarded less at trial than the offer of judgment.

This court finds that Civ.R. 68, as presently constituted, makes a clear policy statement that pretrial negotiations of settlement should not be used as a basis of assessment of court costs. Under the pre-Civil Rule statutes relating to offers of judgment, the plaintiff would receive an actual judgment if the plaintiff accepted the offer. Even if the plaintiff refused the offer, and he or she received less at trial than the offer of judgment, the only court costs assessed against the plaintiff would be those costs which accrued after the offer of judgment was tendered.

In contrast, the process cited in *Bonney* of using settlement negotiations as a basis of assessing costs in an action does not require that the plaintiff receive an actual judgment if the settlement offer is accepted, and if the plaintiff does not accept the offer, then the plaintiff is required in most cases to pay all the court costs if the plaintiff's judgment is less than the offer of settlement. This would occur even though the decision or verdict was rendered in favor of the plaintiff.

If the pre-Civil Rule procedure of offers of judgment was viewed as "coercive and one-sided," the application of the procedure cited by the various trial-level courts in the *Bonney* case is even more coercive and one-sided. Application of settlement offers as a basis of assessing court costs would completely circumvent the intent of Civ.R. 68.

As Civ.R. 68 states that offers of judgment are not to be considered by a court for the purposes of a proceeding to determine costs, it logically follows as well that offers to settle made prior to trial or during trial should also not be considered by a court in a proceeding to determine costs.

As the plaintiff was the party in whose favor the verdict was entered and judgment was entered, the court finds that the plaintiff is the prevailing party and should be awarded court costs.

The motion of the defendant to assess costs to plaintiff is not well taken and is overruled.

*Motion overruled.*