GOLD ET AL., APPELLEES, *v.* ORR FELT COMPANY; KOON, APPELLANT.

(No. 84-CA-41—Decided February 20, 1985.)

*Irving I. Saul* and *Gary W. Crim,* for appellees.

*Green & Green* and *F. Thomas Green,* for appellant.

BROGAN, P.J. This appeal originated in the Miami County Common Pleas Court. Edward F. and Joanne E. Gold, appellees herein, filed a negligence action against appellant, Donald E. Koon, and the Orr Felt Company.[1] The matter was tried before a jury which returned a verdict of $250,000 in favor of the Golds. As the prevailing party, plaintiffs-appellees filed a motion seeking to have costs assessed against defendant-appellant per Civ. R. 54(D). Plaintiffs submitted the following specific items as taxable costs.

"(1) Witness fees, mileage and foreign service costs per item 1.a. of affidavit of Irving I. Saul filed May 14, 1984, pursuant to Civil Rule 54(D).     $145.00

"(2) Videotape deposition expense of recording testimony of treating doctor and medical expert Richard Jenkins, M.D., and of playing back for deponent's required review of videotape, per Jeffery Shaw Videotape Services invoice attached to affidavit of Irving I. Saul dated June 21, 1984, for $341.45 less tape materials cost of $53.00, pursuant to C.P. Sup. R. 12(D)(1)(b).     $288.45

"(3) Videotape deposi-

---

[1] At the close of plaintiffs' case-in-chief, defendant the Orr Felt Company moved for a directed verdict, and the trial court granted same.

tion expense of simultaneously producing and presenting edited version of said videotape recording pursuant to Court's rulings on objections, per Jeffery Shaw Videotape Services invoice attached to said Saul affidavit dated June 21, 1984, for $241.98. Applying one-half against defendant Koon for producing said edited version, pursuant to C.P. Sup. R. 12(D)(1)(e).    $120.99

"(4) Written transcript of said videotape deposition of Richard Jenkins, M.D. utilized and relied upon by counsel and Court for purposes of the Court's rulings upon all unwithdrawn objections, and utilized by videotape operator in simultaneously producing and presenting edited version of videotape in accordance with Court's rulings on objections, per invoice of Charlene E. Nicholas & Associates, Inc. for $206.10. Applying one-half against defendant Koon for utilization by videotape operator in producing edited version of videotape, pursuant to C.P. Sup. R. 12(D)(1)(e).    $103.05

"(5) Richard Jenkins, M.D. time during videotaping, per item 3 of Saul Affidavit filed May 14, 1984, pursuant to Civil Rule 54(D).    $468.75

"(6) Richard Jenkins, M.D. time during his review of the videotape recording of his deposition testimony, per item 3 of Saul Affidavit dated June 21, 1984, pursuant to Civil Rule 54(D).    $375.00

$1,501.24"

The trial court granted plaintiffs' motion in its entirety. Appellant does not contest the validity of awarding items (1)-(4); it is items (5) and (6) which are the subject matter of the appeal.

Appellant's position on appeal is that the fees charged by appellees' medical expert were improperly taxed as costs. In support thereof appellant cites several Ohio authorities, the substance of which state that costs were unknown at common law; that costs are a product of legislative provenance and thus the subject of costs is one entirely of statutory allowance and control. See *Benda* v. *Fana* (1967), 10 Ohio St. 2d 259 [39 O.O.2d 410]; *State, ex rel. Michaels,* v. *Morse* (1956), 165 Ohio St. 599 [60 O.O. 531]; *Tom Harrigan Oldsmobile, Inc.* v. *Illini Building Systems, Inc.* (March 5, 1981), Montgomery App. No. 6896, unreported; see, also, *Hammell* v. *Ted Papenhagen Oldsmobile, Inc.* (May 11, 1984), Lucas App. No. L-83-397, unreported.

Appellees, on the other hand, rely on *Jones* v. *Pierson* (1981), 2 Ohio App. 3d 447, wherein it was stated at paragraph two of the syllabus:

"As much of the funds expended by a party as are necessary and vital to the litigation must be characterized as taxable litigating expenses which will normally be awarded as costs to the prevailing party pursuant to Civ. R. 54(D). In most cases, all litigating expenses shall be awarded as costs. A trial court's discretion to disallow costs is thus limited to refusing to tax a litigating expense as a cost only where such expense is an unusual expense in type or amount which because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party."

The thrust of *Jones* is that recent decisions "evidence a willingness of the courts to allow a prevailing party to recover some expenses outside the traditional meaning of 'costs.' " *Id.* at 448 (citations omitted). A better-reasoned

position, however, is found in the concurring opinion of *Jones*:

"While I agree that recent decisional law affords a trial court discretion to award some expenses outside the traditional definition as costs in a civil case, I am convinced that such discretion is limited and is to be exercised sparingly, so as not to encourage the unbridled escalation of litigation costs. I find the reasoning of the United States Supreme Court persuasive:

" '* * * We do not read * * * [Fed. R. Civ. P. 54(d)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute. Such a restrained administration of the Rule is in harmony with our national policy of reducing insofar as possible the burdensome cost of litigation. * * *' *Farmer* v. *Arabian American Oil Co.* (1964), 379 U.S. 227, 235." 2 Ohio App. 3d at 452 (Parrino, J., concurring).

This tact is in line with more recent decisions by the Ohio Supreme Court, *Centennial Ins. Co.* v. *Liberty Mut. Ins. Co.* (1982), 69 Ohio St. 2d 50 [23 O.O.3d 88], and decisions from this district, *Tom Harrigan Oldsmobile, Inc.* v. *Illini Building Systems, Inc., supra.*

The taxable costs assessed against appellant in the instant matter stem from the videotaping of the deposition of appellees' medical expert. Videotape depositions are governed by C.P. Sup. R. 12(D). Subsections (1)(b) and (1)(e) allow for certain expenses in connection with the videotaping to be taxed as costs. C.P. Sup. R. 12(D) does not allow for taxing as costs the expert witness' time. Nor are we aware of any other source of authority which allows for an expert witness' fee to be charged against the losing party. To the contrary, this court has expressly disallowed such an award. *Tom Harrigan Oldsmobile, Inc.* v. *Illini Building Systems, Inc., supra;* accord *Hammell* v. *Ted Papenhagen Oldsmobile Inc., supra.* Likewise, it is the position of the federal courts that Fed. R. Civ. P. 54(D) does not authorize taxing as costs a party's expert witness' fee. *Illinois* v. *Sangamo Const. Co.* (C.A. 7, 1981), 657 F. 2d 855.

Accordingly, that portion of the taxable costs as related to the fees charged by appellees' medical expert was improper.

The judgment of the trial court is reversed in part and affirmed in part.

*Judgment reversed in part and affirmed in part.*

KERNS and WILSON, JJ., concur.