DORKO ET AL., APPELLANTS, *v.* WOODRUFF ET AL., APPELLEES.

(No. 1663—Decided June 29, 1988.)

*Rees Davis,* for appellants.
*Susan L. Gragel* and *John E. Britton,* for appellees Kenneth L. Woodruff, Buckeye Board of Education, et al.

MAHONEY, P.J. Appellants, John Dorko and Ronald E. Dorko, appeal from the judgment of the Medina County Court of Common Pleas refusing to tax as costs to appellee, Buckeye Board of Education, expenses resulting from the videotaping of several expert depositions. We affirm.

### Assignment of Error

"The trial court erred in denying the plaintiffs' motion to assess expenses for potential expert witnesses and for the recording of video-taped depositions as court costs, filed in a civil action which was settled without trial, where the depositions had been taken and filed as being necessary to perpetuate expert medical testimony."

John and Ronald Dorko brought a personal injury action against the Buckeye Board of Education and

others. The lawsuit was settled before trial. The journal entry dismissing the lawsuit pursuant to the settlement provided that the costs would be taxed to the Buckeye Board of Education. Thereupon, the Dorkos filed a motion, which was denied by the trial court, to tax as costs the expenses incurred in taking depositions of several expert witnesses.

The Dorkos argue that the expenses should be taxed as costs pursuant to C.P. Sup. R. 12(D)(1)(b), which provides:

"The reasonable expense of recording testimony on videotape shall be costs in the action."

In construing this rule,[1] our Supreme Court held in *Barrett* v. *Singer Co.* (1979), 60 Ohio St. 2d 7, 14 O.O. 3d 122, 396 N.E. 2d 218, syllabus, that:

"The expense of videotape depositions not used as evidence at trial is to be borne by the party taking such depositions and not taxed as costs in the action."

*Barrett* involved a fact situation similar to that in the instant case where videotape depositions of experts were taken but not used at trial because the case was settled before trial. Thus, we find the rule announced in *Barrett* to be controlling.

The Dorkos also assert that the appearance fees charged by the experts should be taxed as costs. We disagree. We find that an expert's appearance fee should not be taxed as costs in the instant case. *Gold* v. *Orr Felt Co.* (1985), 21 Ohio App. 3d 214, 21 OBR 228, 487 N.E. 2d 347.

Summary

Appellants' assignment of error is

___

[1] Formerly C.P. Sup. R. 15(D)(1)(b). (See 30 Ohio St. 2d xlix, at liii.)

overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

GEORGE and CACIOPPO, JJ., concur.