### Shipman v.
### Alamo Rent-a-Car, Inc.
*[Cite as 8 AOA 381]*

*Case No. 59407*
*Cuyahoga County, (8th)*
*Decided November 8, 1990*

*Terry A. Bryer, Sindell, Rubenstein, Einbund, Pavlik, Novak & Celebrezze, 200 National City East 6th Bldg., Cleveland, Ohio 44114, for Plaintiff-Appellant.*

*Sandra Clawson, 14650 Detroit Avenue, Suite 450, Lakewood, Ohio 44107-9946, for Defendant-Appellee.*

*Per Curiam.*

Plaintiff Patricia Shipman appeals the trial court's granting of defendant Alamo Rent-a-Car, Inc.'s motion to assess costs in the amount of $2,509.29 after the court directed the verdict at the close of plaintiff's evidence. In her sole assignment of error,

Shipman contends the court improperly taxed as costs deposition and expert witness expenses, subpoena fees, and court reporting services.

Civ. R. 54(D) gives the trial court discretion, absent statutory provisions to the contrary, to award costs to the prevailing party "unless the court otherwise directs." *State, ex rel. Gravill, v. Fuerst* (1986), 24 Ohio St. 3d 12, 13; *Jones v. Pierson* (1981), 2 Ohio App. 3d 447.

To determine if an expense is taxable as a cost, the court must determine if it is a properly taxable cost, and, if so, whether it is reasonable to tax costs in a particular case. *Bookatz v. Kupps* (1987), 39 Ohio App. 3d 36; *Jones, supra.* A taxable cost is a necessary litigation expense. *Id.*

The trial court erred in taxing as costs the expenses the defendant incurred in obtaining:

1) a liability expert ($49.00); 2) a medical expert ($700.00); and 3) a physician's fee for attending a deposition ($183.34). Expert witness fees are not taxable costs. *Moore v. General Motors Corp.* (1985), 18 Ohio St. 3d 259; *Dorko v. Woodruff* (1988), 42 Ohio App. 3d 13, 14; *Gold v. Orr Felt Co.* (1985), 21 Ohio App. 3d 214; *Glover v. Massey* (Jan. 11, 1990), Cuyahoga App. Nos. 56351 and 56802, unreported.

Likewise, the transcribing and recording costs for expert witness depositions are not recoverable as costs where, as here, the depositions are not introduced into evidence. *Moore, supra; Barrett v. Singer* (1979), 60 Ohio St. 2d 7. *Dorko, supra; Gold, supra; Glover, supra.* Therefore, the court improperly taxed as costs the following items which were never used at trial:

1) the court reporter and transcript costs of the plaintiff's second deposition ($307.50);

2) the court reporter; transcript and video costs of the deposition of a liability expert ($503.20);

3) the court reporter and video costs of the depositions of a damage expert ($405.00);

4) the court reporter's fees for the deposition of plaintiff's expert ($50.00); and 5) one-half the cost of the plaintiff's expert's deposition transcript ($134.25).

The trial court also improperly taxed the costs of a court reporter's issuance of a trial subpoena ($37.00). Where a witness never appears at trial, the cost of the court reporter's

subpoena cannot have been necessary and vital to the litigation and so is not properly assessed against the losing party. See *Moore, supra; Barrett, supra; Dorko, supra; Gold, supra; Glover, supra.*

Finally, C.P. Sup. R. 12(D)(1) deems the expense of playing a videotape recording at trial taxable against the court, not the losing party. The tape in this case was never played and so the court incorrectly taxed the costs of a court reporter's attendance ($140.00) for the showing.

We conclude the trial court improperly assessed the $2,509.29 as court costs. Accordingly, the judgment of the trial court is reversed and remanded only to the extent that the defendant's expenses of $2,509.29 be deleted from the court costs assessed therein.

SWEENEY, P.J., PRYATEL, J., and STILLMAN, J., concur.

Sitting By Assignment, STILLMAN, J., Retired, Eighth District Court of Appeals and PRYATEL, J., Retired, Eighth District Court of Appeals.