**HAGEMEYER, Appellee,**

v.

**SADOWSKI, Appellant.**

[Cite as *Hagemeyer v. Sadowski* (1993), 86 Ohio App.3d 563.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–202.

Decided Feb. 26, 1993.

*Jude Sutter,* for appellee.

*Scott Gilliam,* for appellant.

*Per Curiam.*

This cause is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, wherein the trial court granted appellee's motion for assessment of costs and awarded her $1,509.80 for deposition expenses and for an expert witness fee.

The negligence/personal injury action brought by plaintiff-appellee, Sherri A. Hagemeyer, against defendant-appellant, Helen Sadowski, was settled by the parties on the morning of the scheduled trial date, March 23, 1992.[1] Prior to settlement, appellee deposed several witnesses in preparation for trial. After a settlement agreement was reached, appellee filed a motion to assess deposition costs. These costs included those incurred in obtaining transcripts of (1) the deposition of her expert witness, Stephen Saddemi, M.D., during the discovery process; (2) the trial deposition of JoAnna Hartman, appellee's physical therapist; and (3) the videotaped trial depositions of Dr. Saddemi and Gerald W. Sutherland, M.D., appellee's other expert witness. The remaining expenses requested by appellee were the cost of videotaping the trial testimony of Drs. Saddemi and Sutherland and the expert witness fee charged by Dr. Saddemi for the giving of his trial deposition.

In her memorandum in opposition to appellee's motion, appellant contended that appellee was not, pursuant to Civ.R. 54(D), a prevailing party and could not therefore be awarded the requested costs. In the alternative, appellant argued that none of the listed costs were "taxable litigating expenses." Consequently, these "personal expenses" could not be recovered by appellant.

On May 4, 1992, the trial court granted the motion for deposition costs and awarded appellee the entire amount requested in her motion. Appellant appeals that judgment and asks this court to consider the following assignments of error:

"I. The trial court erred when it awarded appellee her deposition, video and transcript expenses as costs in this action, since appellee was not 'a prevailing party' as contemplated in Civ.R. 54(D) and since the costs awarded were personal expenses rather than taxable litigation expenses.

"A. Introduction.

"B. The Appellee is not entitled to an award of costs under any circumstances since she is not a 'prevailing party' as contemplated in Civ.R. 54(D).

---

1. A judgment entry dismissing appellee's cause of action, with prejudice, was filed on January 6, 1993.

"C. The Appellee is not entitled to an award of her deposition and related expenses since these costs are 'personal expenses' rather than 'taxable litigating expenses.'

"II. The trial court erred when it awarded plaintiff her expert witness fees as costs in this action, since such expenses may not be taxed as costs under any circumstances."

■ Appellant, in her first assignment of error, initially asserts that appellee is not a prevailing party within the meaning of Civ.R. 54(D) and, as a result, is not entitled to an award of any costs. Appellee urges that it is within "the discretion of the court under the totality of the circumstances to award certain expenses as costs whether as prevailing party or otherwise as provided in 54(D)." Appellee concludes that it was "unnecessary" for the court below to determine that she was the prevailing party in order to award costs.

Civ.R. 54(D) provides:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

In *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 597 N.E.2d 153, the Supreme Court of Ohio made clear that a trial court is empowered to award costs only to a prevailing party. While the justices differed on certain aspects of the *Vance* case, they were unanimous in this conclusion. *Id.* at 555, 597 N.E.2d at 156 (majority opinion) and at 559, 597 N.E.2d at 158 (partial concurrence, partial dissent). Thus, the trial court was required to determine whether appellee was a prevailing party prior to any consideration of her motion for deposition costs. If appellant was not, the lower court lacked the authority to award her any costs whatsoever.

A "prevailing party" is "one in whose favor the decision or verdict is rendered and judgment entered." *Yetzer v. Henderson* (June 4, 1981), Richland App. No. CA–1967, unreported, 1981 WL 6293. See, also, 10 Wright, Miller & Kane, Federal Practice and Procedure (2 Ed.1983) 178, Section 2667 (discussing that portion of Fed.R.Civ.P. 54[d] which is identical to Ohio's Civ.R. 54[D]).

■ A review of the trial court's judgment entry makes obvious the fact that judgment was not entered in favor of appellee. The entry simply recognizes that the parties entered into a settlement agreement and dismisses appellee's cause, with prejudice. The settlement agreement itself is not part of the record below. Further, the entry does not establish that appellee obtained "some relief" in an action which, under certain federal cases and prior Ohio law would be sufficient to demonstrate that she was the prevailing party. *First Commodity Traders, Inc.*

*v. Heinold Commodities, Inc.* (C.A.7, 1986), 766 F.2d 1007, 1015. See, also, 19 Ohio Jurisprudence 3d (1980) 159–160, Costs in Civil Actions, Section 5 (discussing pre-rule law applied in determining costs in cases which settled prior to judgment). In sum, the record of this cause is devoid of any suggestion that appellee was the prevailing party for the purpose of assessing costs to appellant pursuant to Civ.R. ·54(D).

Appellant next argues that, even if appellee is deemed the prevailing party, case law, under the facts of this case, precludes the inclusion of deposition expenses and expert witness fees, as taxable costs. We agree.

 Civ.R. 54(D) grants a court discretion to order that a prevailing party bear all or part of his or her own costs. *Vance, supra,* 64 Ohio St.3d at 555, 597 N.E.2d at 156. Therefore, the court's allocation of costs cannot be reversed absent an abuse of that discretion. *Rice v. Dudick Corrosion–Proof, Inc.* (1989), 57 Ohio App.3d 156, 567 N.E.2d 315; *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 452, 2 OBR 542, 547, 442 N.E.2d 791, 797. Nevertheless, the categories of expenses which qualify as "costs" for a prevailing party have been consistently circumscribed by the Supreme Court of Ohio. *Vance, supra,* 64 Ohio St.3d at 555, 597 N.E.2d at 156; *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925. Thus, Ohio courts have held that (1) the expense of videotaped depositions not used as evidence in an action which is settled prior to trial are to be borne by the party taking the deposition and not taxed as costs, see *Dorko v. Woodruff* (1988), 42 Ohio App.3d 13, 14, 536 N.E.2d 56, 57, relying on *Barrett v. Singer Co.* (1979), 60 Ohio St.2d 7, 14 O.O.3d 122, 396 N.E.2d 218, at the syllabus; (2) an expert's witness and/or appearance fee is not taxable as a cost, see *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 260–261, 18 OBR 314, 315–316, 480 N.E.2d 1101, 1102; *Dorko, supra; Gold v. Orr Felt Co.* (1985), 21 Ohio App.3d 214, 21 OBR 228, 487 N.E.2d 347; (3) the transcribing and reporting costs for the deposition of an expert is not recoverable if the deposition is not used in evidence, see *Moore, supra,* 18 Ohio St.3d at 261, 18 OBR at 316, 480 N.E.2d at 1102; *Shipman v. Alamo Rent–A–Car, Inc.* (1990), 70 Ohio App.3d 333, 335, 590 N.E.2d 1385, 1386; and (4) deposition expenses, in general, can be included in costs only if the depositions are used in evidence, see *Barrett, supra,* 60 Ohio St.2d at 9, 14 O.O.3d at 123, 396 N.E.2d at 219. The exception to these holdings occurs only in a case where unique factual setting gives rise to "overriding considerations." *Id.* There is no evidence of any overriding considerations in this cause. Accordingly, the trial court abused its discretion in taxing appellee's deposition expenses as costs to appellant. Appellant's first assignment of error is found well taken.

 In her second assignment of error, appellant asks this court to adopt the position that expert witness fees can never be taxed as costs absent statutory

authority. Absent an express agreement in the record to the contrary, we agree. See *Moore, supra,* 18 Ohio St.3d at 260–261, 18 OBR at 315–316, 480 N.E.2d at 1102; *Shipman, supra,* 70 Ohio App.3d at 335, 590 N.E.2d at 1386; *Sadowski v. Monteleone* (1990), 69 Ohio App.3d 815, 816, 591 N.E.2d 1304, 1305. Appellant's second assignment of error is found well taken.

On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. Court costs of this appeal are assessed to appellee Sherri A. Hagemeyer.

*Judgment reversed.*

HANDWORK, MELVIN L. RESNICK and SHERCK, JJ., concur.