**COLEMAN, Appellee,**

**v.**

**JAGNISZCAK, Appellant.**

[Cite as *Coleman v. Jagniszcak* (1995), 104 Ohio App.3d 413.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67991.

Decided June 12, 1995.

*Homer S. Taft, Tina E. Murphy* and *Marcia J. Bullard,* for appellee.

*George Sintsirmas,* for appellant.

*Per Curiam.*

Defendant-appellant, John Jagniszcak, timely appeals the trial court's decision granting plaintiff-appellee Keith A. Coleman's motion to tax as costs certain expenses incurred in connection with the taking of videotape depositions played at trial.

Appellant raises the following sole assignment of error for our review:

"The lower court in this case erred when it reversed its previous judgment, and allowed certain expenses incurred by the plaintiff to be taxed as costs against the defendant."

Civ.R. 54(D) controls:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

Civ.R. 54(D) grants the trial court discretion to order that the prevailing party bear all or a part of his or her own costs. *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156. In *Benda v. Fana* (1967), 10 Ohio St.2d 259, 39 O.O.2d 410, 227 N.E.2d 197, the Ohio Supreme Court held that "costs" are those items that are fixed and taxable according to statute. The Supreme Court has adhered to this position and, in *Vance, supra,* stated:

" 'This court has consistently limited the categories of expenses which qualify as "costs." "Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action * * * and which the statutes authorize to be taxed and included in the judgment * * *. * * * Costs did not necessarily cover all of the expenses and they were distinguishable from fees and disbursements. They are allowed only by authority of statute * * *." *State, ex rel. Commrs. of Franklin County, v. Guilbert* (1907), 77 Ohio St. 333, 338–339 [83 N.E. 80, 81], quoted, in part, with approval in *Benda v. Fana* (1967), 10 Ohio St.2d 259, 262–263 [39 O.O.2d 410, 413, 227 N.E.2d 197, 200–201].

" 'Today, we reaffirm the principle that "[t]he subject of costs is one entirely of statutory allowance and control." *State, ex rel. Michaels, v. Morse* (1956), 165 Ohio St. 599, 607 [60 O.O. 531, 535, 138 N.E.2d 660, 666], quoted with approval in *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 179 [75 O.O.2d 224, 225, 347 N.E.2d 527, 529].' " *Vance,* 64 Ohio St.3d at 555, 597 N.E.2d at 156, quoting *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 50–51, 23 O.O.3d 88, 89, 430 N.E.2d 925, 926.

Taking the above-quoted language from *Vance,* appellant argues that only costs as fixed by statute can be considered taxable costs. As a result, appellant argues, costs as provided by C.P.Sup.R. 12(D) cannot be taxed as costs. However, we point out that Civ.R. 54(D) is broader than appellant claims and states that "[e]xcept when express provision therefor is made *either* in a statute *or in these rules, costs shall be allowed to the prevailing party* * * *." See, *e.g.,* Civ.R. 83 ("The expression 'rule of court' as used in these rules means a rule promulgated by the supreme court * * *."); see, also, *Vance* (local rules authorizing award of court costs to prevailing party are not necessarily inconsistent with Civ.R. 54[D] ).

Moreover, the Supreme Court in *Barrett v. Singer Co.* (1979), 60 Ohio St.2d 7, 14 O.O.3d 122, 396 N.E.2d 218, validated the effects of the rules for superintendence of the courts as they relate to court costs of videotape depositions. See, also, *Glover v. Massey* (Jan. 11, 1990), Cuyahoga App. No. 56351, unreported, 1990 WL 1328.

C.P.Sup.R. 12(D) provides:

"(D) Costs.

"(1) *Videotape Depositions.*

"(a) The expense of videotape as a material shall be borne by the proponent.

"(b) The reasonable expense of recording testimony on videotape shall be costs in the action.

"(c) The expense of playing the videotape recording at trial shall be borne by the court.

"(d) The expense of playing the videotape recording for the purpose of ruling upon objections shall be borne by the court.

"(e) The expense of producing the edited version of the videotape recording shall be costs in the action, provided that the expense of the videotape, as a material, shall be borne by the proponent of the testimony.

"(f) The expense of a copy of the videotape recording and the expense of an audiotape recording of the videotape sound track shall be borne by the party requesting the copy.

"(2) *Videotape Trials.* Subsection (D)(1) applies to videotape trials."

In his motion before the trial court, appellee claimed that the following expenses were taxable as costs:

"1. $351.00 Payable to Legal Electronic Recording, Inc., Court Reporters, for the taking of the videotape deposition of Dr. A. Gus Kious as evidenced by the invoice attached hereto as Exhibit A.

"2. $668.75 Payable to Legal Electronic Recording, Inc., Court Reporters, for the taking of the videotape deposition of Dr. Mark A. Kyle as evidenced by the invoice attached hereto as Exhibit B.

"3. $325.00 Payable to Legal Electronic Recording, Inc., Court Reporters, for the cost of playing the videotape recording of Drs. Kious and Kyle at trial as evidenced by the invoice attached hereto as Exhibit C.

"4. $750.00 Paid to Dr. Kyle for professional fees in conjunction with his testimony as a witness at trial as evidenced by Exhibit D attached hereto.

"5. $187.50 Paid to Dr. Kious for professional fees in conjunction with his testimony as a witness at trial as evidenced by Exhibit E attached hereto."

Pursuant to C.P.Sup.R. 12(D)(1)(b), the reasonable expense of recording testimony on videotape shall be costs in the action. However, this does not include the expense of the videotape as material, C.P.Sup.R. 12(D)(1)(a), nor does it include the expense of transcribing and copying the videotape recording, C.P.Sup.R. 12(D)(1)(f). A review of the invoices listed as Exhibits A and B to appellee's motion reveals that appellee was charged $150 for six videotape cassettes. This expense was improperly taxed as costs. C.P.Sup.R. 12(D)(1)(a). Appellee's exhibits further reveal that appellee was charged $126 for an expedited transcript of Dr. Kious's deposition and $288.75 for an expedited transcript of Dr. Kyle's deposition. These expenses were improperly taxed as costs as well. C.P.Sup.R. 12(D)(1)(f); *Wiltsie v. Teamor* (1993), 89 Ohio App.3d 380, 624 N.E.2d 772; *Glover, supra*, Cuyahoga App. No. 56351, at 10. Thus, of the expenses incurred in items one and two listed in appellee's motion, only the expense of $455 for the recording of the witnesses' testimony is taxable as costs.

Additionally, the cost for playing the videotape recording at trial is to be borne by the court. C.P.Sup.R. 12(D)(1)(c); *Shipman v. Alamo Rent–A–Car, Inc.* (1990), 70 Ohio App.3d 333, 335, 590 N.E.2d 1385, 1386–1387; *Pond v. Leslein* (Oct. 26, 1993), Franklin App. No. 93AP–617, unreported, 1993 WL 435269. Thus, the $325 listed in item three of appellee's motion, representing the cost of playing at trial the videotape recording of Drs. Kious and Kyle, was improperly taxed as costs.

Finally, it is well settled that expert witness fees are not taxable as costs. *Moore v. Gen. Motors Corp., Terex Div.* (1985), 18 Ohio St.3d 259, 260, 18 OBR 314, 315, 480 N.E.2d 1101, 1102; *Miller v. Gustus* (1993), 90 Ohio App.3d 622, 624, 630 N.E.2d 68, 69; *Shipman, supra*, 70 Ohio App.3d at 335, 590 N.E.2d at 1386–1387; *Sadowski v. Monteleone* (1990), 69 Ohio App.3d 815, 591 N.E.2d 1304, syllabus. Thus, the $937.50 listed in items four and five of appellee's motion, representing professional fees paid to appellee's expert witnesses, was improperly taxed as costs.

Appellant's sole assignment of error is partially sustained, and the judgment of the trial court is affirmed as modified. Pursuant to App.R. 12, the lower court's award of taxable costs is reduced to $455.

*Judgment accordingly.*

PATTON, C.J., NUGENT and KARPINSKI, JJ., concur.