OPINION.
The defendant-appellant, Leo D. York, appeals from the order of the trial court taxing against him the costs of a deposition ordered by the plaintiff-appellee, Frederick B. Collins. The litigation between the parties was settled on the day of trial, and the deposition was therefore never used at trial. Nonetheless, citing the Ohio Supreme Court's decision in Barrett v. Singer (1979), 60 Ohio St.2d 7, 396 N.E.2d 218, the trial court determined that "overriding considerations" weighed in favor of York bearing the cost of the deposition. In his single assignment of error, York now assails the court's order as an abuse of discretion. For the following reasons, we disagree and thus affirm.
The action between the two parties arose out of an automobile accident. Collins's initial demand for damages was between $300,000 and $400,000. At arbitration, Collins was awarded $25,000. York appealed the arbitration award to the court of common pleas, and the case was set for trial. On the day of the deposition in question, York offered $15,000 in settlement. Collins declined, and the deposition was taken and videotaped. Finally, on the day of trial, York offered $22,500 in settlement. Collins accepted the offer, and the case was voluntarily dismissed "with prejudice at Defendant's costs * * *." Six months later, Collins filed his motion to tax the cost of the deposition to York.
In its order granting the motion, the trial court was extremely critical of York and his counsel, finding that it had taken them eighteen months to respond to Collins's request for interrogatories, and then only after Collins had moved for default judgment. Further, the court found that York's original offer to settle for $15,000 was an "unrealistic `low ball'" and that York was "using the discovery process — and, specifically, the potential expense of deposition — to squeeze concessions" from Collins. The court concluded,
 When considered against the backdrop of Defendant's stonewalling during discovery, unrealistic settlement offers and subsequent agreement to pay costs, Plaintiff's motion to tax the costs of this deposition to Defendant appears wholly reasonable. In essence, Defendant's conduct during the course of this case constitutes the "overriding considerations" that necessitates a divergence from the general rule against taxing such expenses as costs.
Initially, York argues that the trial court abused its discretion in awarding the costs of the deposition, because under Ohio law and Civ.R. 54(D) costs can only be awarded to the prevailing party. CitingHagermeyer v. Sadowski (1993), 86 Ohio App.3d 563, 621 N.E.2d 707, York argues that a prevailing party is one in whose favor a decision is rendered and judgment entered, and that, absent a judgment, where the parties have settled and dismissed the lawsuit, neither party can be said to have prevailed.
We reject York's argument for two reasons. First, the argument over the identity of the prevailing party under Civ.R. 54(D) sidesteps the fact that York agreed to the entry of dismissal ordering him to pay costs. In effect, York mooted the question of whether he or Collins was the prevailing party under Civ.R. 54(D) for the purpose of assessing costs. The trial court's decision, in this regard, can be viewed simply as a construction of the parties' agreement. Second, even assuming that the parties agreed to only an allowance of costs as provided for in the rule, we reject York's argument that he, not Collins, was the prevailing party under Civ.R. 54(D).
York is correct that the court in Hagermeyer defined a "prevailing party" as "one in whose favor the decision or verdict is rendered and judgment entered." Id. at 566, 621 N.E.2d 707. Because the parties settled in that case, there was no judgment entered in favor of the party seeking costs. Significantly, however, the court in Hagermeyer also pointed out that the court's entry failed to establish that the party seeking costs had obtained "some relief" in the action, which, the court observed, "under certain federal cases and prior Ohio law would be sufficient to demonstrate that she was the prevailing party." Id.
This case is distinguishable from Hagermeyer in that it is clear that Collins, by virtue of the arbitration award in his favor, had obtained "some relief" in the action irrespective of the settlement agreement. Collins was indisputably the prevailing party in arbitration.[1] Had not York appealed the report and award, under the local rules the trial court would have been obligated to enter judgment on the award. Loc.R. 24(Q) of the Hamilton County Court of Common Pleas. In a very real sense, therefore, this case differs from the situation in which parties settle before trial without either side having its position validated and receiving a potential judgment by a panel of impartial arbitrators.
In Vance v. Roedersheimer (1992), 64 Ohio St.3d 552, 597 N.E.2d 153, the Ohio Supreme Court held that a party that had received from the jury half of the previous arbitration award could not be deemed a "prevailing party" for the purposes of Civ.R. 54(D). In a footnote, the court apparently relied on the definition of "prevailing party" found in Black's Law Dictionary. That definition, as quoted by the court with the court's own emphasis, is as follows:
 The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered. * * * This may be the party prevailing in interest, and not necessarily the prevailing person. To be such does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who has made a claim against the other, has successfully maintained it.
 As used in Federal Civil Procedure Rule 54(d), which provides that costs shall be allowed as of course to prevailing party unless the court otherwise directs, "prevailing party" means a party who has obtained some relief in an action, even if that party has not sustained all of his or her claims. * * *.
Id. at 559-560, 597 N.E.2d at 159, fn. 8, quoting Black's Law Dictionary (6 Ed. 1990) 1188.
Significantly, the four-to-three majority in Rodersheimer, over the strong dissent of Justice Douglas, used the earlier arbitration award as a benchmark for determining whether the defendant had prevailed at trial. (In Justice Douglas's view, the prevailing party should have been determined solely with respect to which party was granted judgment at trial.) Because the defendant had succeeded at trial in the sense that he was able to achieve a substantial reduction in the arbitration award, the defendant was deemed by the Rodersheimer majority to have prevailed over the plaintiff.
Similar to what happened in Rodersheimer, the settlement here was less than the arbitration award; however, significantly, the reduction in the award was not the result of a trial in which York could be deemed to have prevailed, but, rather, the willingness of Collins to agree to some figure only marginally less than what the arbitration panel had awarded him. In our view, simply by getting Collins to agree to settle for $2,500 less than the arbitration award did not make York a prevailing party under Civ.R. 54(D). The determinative question is whether Collins, by agreeing to settle, can still be construed as the "prevailing party" even though there was no trial and no judgment entered in his favor.
We hold that, by virtue of the earlier arbitration award in his favor, Collins satisfied the definition of a "party that had obtained some relief in an action." An arbitration award that may ripen into judgment is palpable relief. To ignore the earlier arbitration award and to consider the parties on equal footing prior to trial in this case would overlook the practical effect of the earlier arbitration award. In a practical sense, even before trial, Collins had already prevailed over York in the amount of the arbitration award of $25,000. By agreeing to settle for a minor amount less, Collins did not forfeit his status as the prevailing party.
The next question that arises, therefore, is whether, even as a prevailing party, Collins was entitled to have the cost of a deposition not used at trial taxed as a cost of the action. As the Ohio Supreme Court has made clear, "Ohio case law has formulated the policy that depositions taken de bene esse, but not actually used at trial, shallnot be taxed as a cost of the action. Barrett, supra,60 Ohio St.2d at 8, 396 N.E.2d at 219. But in Barrett the court expressly allowed for an exception to the general rule in the presence of "overriding considerations." Id. at 9, 396 N.E.2d at 219. Here, the trial court expressly found that such "overriding considerations" existed based upon its sharply critical view that York had delayed matters up to the eve of trial by "stonewalling" and "low ball[ing]"
York argues that the trial court's criticism of his litigation posture constituted an abuse of discretion. First, York argues that his conduct with regard to settlement negotiations could not be used as a basis to justify the "overriding considerations" exception. Second, York argues that it was capricious and unreasonable for the trial court to criticize his first settlement offer of $15,000 as an "unrealistic low ball offer" when Collins's demand at trial was $75,000, or three times the amount of the arbitration award.
As York implicitly recognizes, the determination of whether "overriding considerations" exist is a function of the trial court's discretionary authority. The Ohio Supreme Court in Barrett did not provide any direction on what may constitute "overriding considerations," other than to cite as an illustrative example the case of Thornton v. Mid AmericaFinance Loan Co. (1964), 8 Ohio App.2d 229, 196 N.E.2d 332. InThornton, the court found that the depositions were necessarily taken by the defendant in good faith to formulate a defense. Commenting on the case, the Ohio Supreme Court characterized the result in Thornton as necessary to avoid an "inequitable result" as a consequence of the plaintiff's failure to file an amended complaint. Barrett,60 Ohio St.2d at 9, 396 N.E.2d at 219, fn. 1. The only general principle that can be gleamed from this is that "overriding considerations" exist where one of the parties has done something deserving of criticism that forces the other party to incur otherwise avoidable deposition costs.
With regard to York's argument that he was not deserving of the trial court's criticism, we are not in the same unique position as the trial court to make such a judgment. As the Ohio Supreme Court has noted in another context, trial courts are in an "unmatched" position vis-^E-vis a reviewing court on matters dealing with the development of the case, the litigation posture of the parties, and sound judicial administration. See Wisintainer v. Elcen Power Strut Company (1993), 67 Ohio St.3d 352,354, 617 N.E.2d 1136, 1138. It bears observation that perhaps the strongest reason for the trial court's superior position is the fact that not all the determinants manifest themselves on the record. Accordingly, an appellate court should not substitute its judgment for that of the trial court where there is some competent, credible evidence to support the trial court's decision.
In this case, there was evidence of dilatory discovery tactics by York requiring a motion to compel. As noted by the trial court, it took eighteen months for York to respond to Collins's request for interrogatories. The first offer to settle, for sixty percent of the arbitration award, came on the eve of the deposition, a deposition that Collins argues was necessary not for discovery purposes, but for perpetuation of testimony in preparation for trial. There was apparently a second settlement offer of $20,000 communicated to Collins after the deposition was taken (an affidavit and a copy of a letter to that effect are in the record), though the parties appear to dispute this. The third offer, for $22,500, did not come until the eve of trial. These facts caused the trial court to conclude that York was "using the discovery process — and, specifically, the potential expense of deposition — to squeeze concessions" from Collins.
Based upon the record, we cannot say that the trial court's decision to find "overriding considerations" was arbitrary, capricious, or unreasonable. Nor, as we have pointed out, is it our role to substitute our judgment for that of the trial court given the trial court's "unmatched" vantage point from which to view the proceedings.
York raises two ancillary arguments against the taxing of the cost of the deposition. First, he argues that Collins's motion for costs was precluded by the settlement agreement between the parties. According to York, the general release provisions of the agreement, together with language stating that the amount negotiated was the "whole consideration," should be construed as an agreement between the parties not to make the cost of the deposition a taxable cost.
We find nothing in this language tantamount to an agreement that the expense of the deposition would not be taxed as costs. Indeed, this position is refuted by the affidavit of York's attorney, made part of the record as an attachment to his memorandum in opposition, which makes clear that the parties never reached agreement on this matter. According to the affidavit, it was "agreed during * * * discussion [between the parties] that [York] would pay court costs, but there was no agreement and in fact no discussion regarding whether or not [York] would agree" to pay the costs of the deposition.
In sum, there is no aspect of the settlement agreement that would have barred the result reached by the trial court here. Furthermore, we cannot validate on this record York's final argument that the motion for costs was untimely made.
Accordingly, York's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
DOAN, P.J., and WINKLER, J., concur.
[1] We assume from the court's silence on the matter that there was no prior arbitration award in Hagermeyer. The same assumption applies with respect to Dorko v. Woodruff (1988), 42 Ohio App.3d 13, 536 N.E.2d 56, another case in which the court refused to award as costs the expense of videotaped depositions not used as evidence in an action that was settled without trial.