ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc. App.R. 11.1. The purpose of an accelerated appeal is to enable this court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
{¶ 2} Defendant-appellant Greater Cleveland Regional Transit Authority, the prevailing party in this personal injury action instituted by plaintiffs-appellees,[1] appeals from that portion of the trial court's order that stated all jury fees were assessed to defendant.
{¶ 3} Appellant's sole assignment of error challenges the trial court's authority to allow an ordinary litigation cost to a non-prevailing party. Appellant's assignment of error is sustained on the authority of Vance v. Roedersheimer (1992), 64 Ohio St.3d 552, 555.
{¶ 4} Therein, the Ohio Supreme Court held that Civ.R. 54(D)'s phrase unless the court otherwise directs does not empower the trial court to award any type of litigation cost to a non-prevailing party. Rather, the phrase grants the court discretion to order that the prevailing party bear all or part of his or her own costs. (Emphasis added.)
{¶ 5} Appellant in this case was the party in whose favor the jury's verdict was rendered, hence, it was the prevailing party. Hagemeyer v. Sadowski (1993), 86 Ohio App.3d 563, 566. Under these circumstances, the trial court improperly imposed upon it the cost of the jury trial demanded only by appellees.[2] Nelson v. Ford Motor Co. (2001), 145 Ohio App.3d 58; Thompson v. Continental General Tire, Inc. (Mar. 31, 1998), Williams App. No. WM-97-010.
{¶ 6} Appellant's assignment of error, accordingly, is sustained.
{¶ 7} That portion of the trial court judgment directing appellant to pay all jury fees is vacated. This case is remanded for an order of judgment consistent with this opinion. — 5 — This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and DIANE KARPINSKI, J. CONCUR
[1] The plaintiffs-appellees, as listed in the complaint, were the following: Zerporra Jackson, Daine (sic) Johnson, Stephanie Fantleroy, Tyrone Smith, Wanda Tatum, and Ernest C. Rudolph.
[2] Costs generally are defined, inter alia, as the statutory fees to which jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment. Benda v. Fana (1967), 10 Ohio St.2d 259, paragraph one of the syllabus.