MEMORANDUM OPINION
{¶ 1} In the instant appeal, Plaintiff-Appellant, Ohio and Vicinity Regional Council of Carpenters ("the Council") appeals the judgment of the Trumbull County Court of Common Pleas, denying its Motion to Tax Costs. For the reasons that follow, we dismiss the Council's appeal.
 {¶ 2} This appeal stems from a judgment issued by the trial court on April 26, 2005, which granted judgment for the Council and against Appellee herein, Sean W. McCarty,[1] d.b.a. MG Interiors, on the Council's claims for declaratory judgment and injunctive relief. The judgment was entered following a proceeding in which both parties stipulated to bifurcate proceedings. Following a hearing, the court determined that appellee was liable under the Collective Bargaining Agreement and left the issue of damages for later determination. Appellee timely appealed the April 26, 2005 judgment with this court on May 26, 2005.
 {¶ 3} On June 15, 2005, the Council filed a Motion to Tax Costs, pursuant to Civ.R. 54(D). In its motion, the Council sought to recover court costs and "necessary litigating expenses" in the amount of $229.70, which included a witness fee in the amount of $15.20 and transcript costs in the amount of $214.50. On June 24, 2005, the trial court denied the Council's motion. This appeal followed, in which the Council assigns the following as error:
 {¶ 4} "The trial court erred to the prejudice of Plaintiff-Appellant when it denied its motion to tax costs."
 {¶ 5} Motions to assess costs are governed by Civ.R. 54(D) which provides:
 {¶ 6} "Except when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."
 {¶ 7} "Under Ohio law `a trial court is empowered to award costs only to a prevailing party.'" Estate of Lehto v. Sankey,
11th Dist. No. 99-T-0137, 2001 Ohio App. LEXIS 2959, at *20, quoting Hagemeyer v. Sadowski (1993), 86 Ohio App.3d 563, 566. A prevailing party has been defined as "one in whose favor the decision or verdict is rendered and judgment entered."Hagemeyer, 86 Ohio App.3d at 566 (citations omitted). Civ.R. 54(A) defines a judgment as "any order from which an appeal lies as provided in section 2505.02 of the Revised Code."
 {¶ 8} On March 17, 2006, the Council filed a motion to dismiss Court of Appeals Case No. 2005-T-0063. In its motion, the Council argued that the appealed judgment only addresses the issue of liability and does not resolve the issues of damages and is, therefore, not a final appealable order under R.C. 2505.02. We found the Council's motion had merit and dismissed that appeal. See Ohio Vicinity Regional Council of Carpenters v.McMarty, d.b.a. M G Interiors, 11th Dist. No. 2005-T-0063. 2006-Ohio-XXXX, at ¶ 12.
 {¶ 9} Issues pertaining to a court's subject-matter jurisdiction may be raised by a court sua sponte at any stage in the proceedings, including for the first time on appeal. Statev. Pruitt, 11th Dist. No. 2001-T-0121, 2002-Ohio-7164, at ¶ 29 citing In re Graham, 147 Ohio App.3d 452, 2002-Ohio-2407, at ¶29. Since the judgment on which the Council's Motion to Tax Costs was predicated is not a final judgment, the Council cannot be a "prevailing party" as contemplated by Civ.R. 54(D), and we must dismiss the appeal for lack of subject-matter jurisdiction.
 {¶ 10} Appeal dismissed.
O'Neill, J., O'Toole, J. concur.
[1] The trial record in this matter indicates that Appellant's last name is "McCarty" in the majority of documents filed before the trial court. Nevertheless, because appellant's last name was spelled "McMarty" on the original complaint, the latter spelling is the one this court is bound to follow for purposes of the instant appeal.