**GIBSON et al.**

v.

**KRAMER.**

Court of Common Pleas,
Lucas County.

No. CI09–5411.

Decided Feb. 28, 2011.

Michael A. Dzienny and Douglas A. Wilkins, for plaintiffs.

Edward T. Mohler, for defendant.

McDONALD, Judge.

{¶ 1} This case is before the court on posttrial motions filed on behalf of plaintiff Carolyn Gibson. Plaintiff has filed a motion for a new trial, and a motion to tax litigation expenses as court costs. For the reasons that follow, the motion for a new trial is not well taken and must be denied, and the motion to tax litigation expenses as court costs will be granted in part.

## I

{¶ 2} In December 2004, a car driven by defendant Linda Kramer rear-ended a car driven by plaintiff. Plaintiff filed a complaint seeking money damages for personal injuries suffered as a result of the accident. The case was tried to a jury. Defendant admitted liability. Plaintiff contended at trial that she suffered the following injuries as a result of the accident: injuries to her neck requiring surgery, posttraumatic stress disorder, damage to her eyes, and chronic pain. She presented testimony from a neurosurgeon, a family-practice physician, a clinical psychologist, and an optometrist. She also presented records showing past medical expenses of approximately $30,000 that she contended were related to the accident. In his closing argument, counsel for plaintiff asked the jury to award his client $312,374 for her injuries. Defendant argued that the only injury caused by the accident was a neck strain. Defendant presented one expert witness, a neurologist. The jury awarded plaintiff damages of $17,000. In response to jury interrogatories, the jury stated that plaintiff was entitled to recover $7,500 for economic loss and $9,500 for noneconomic loss.

## II

{¶ 3} Plaintiff has filed a motion for a new trial pursuant to Civ.R. 59(A)(4) and (A)(6) and the "good cause shown" language of the rule. That rule states:

{¶ 4} "(A) Grounds.

{¶ 5} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

{¶ 6} " * * *

{¶ 7} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

{¶ 8} " * * *

{¶ 9} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

{¶ 10} " * * *

{¶ 11} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."

{¶ 12} Civ.R. 59(A)(4) states that a new trial may be granted where the damages were inadequate and appeared to have been given under the influence of passion or prejudice. In *Porter v. Keefe,* 6th Dist. No. E–02–018, 2003-Ohio-7267,

58

2003 WL 23167313, the Sixth District Court of Appeals stated the general rules governing the application of this rule. The court held:

{¶ 13} "A trial court is permitted to grant a new trial under Civ.R. 59(A)(4) when the damages awarded are excessive or inadequate and appear to have been awarded due to passion or prejudice. To show passion or prejudice, the moving party must demonstrate that 'the jury's assessment of the damages was so overwhelmingly disproportionate as to shock reasonable sensibilities.' *Pena v. Northeast Ohio Emergency Affiliates* (1995), 108 Ohio App.3d 96, 104, 670 N.E.2d 268, appeal dismissed (1996), 75 Ohio St.3d 1494, 664 N.E.2d 1291. An appellate court reviewing a trial court's decision under Civ.R. 59(A)(4) should consider 'the excessive [or inadequate] nature of the verdict, consideration by the jury of incompetent evidence, improper argument by counsel, or other improper conduct which can be said to have influenced the jury.' *Fields v. Dailey* (1990), 68 Ohio App.3d 33, 39, 587 N.E.2d 400, motion to certify record denied (1990), 56 Ohio St.3d 703, 564 N.E.2d 707, citing *Fromson & Davis Co. v. Reider* (1934), 127 Ohio St. 564, 189 N.E. 851, 39 Ohio L. Rep. 654, paragraph three of the syllabus. However, the size of the verdict, by itself, is insufficient to show passion or prejudice. *Pena,* 108 Ohio App.3d at 104, 670 N.E.2d 268. Of course, the assessment of damages is a matter peculiarly within the province of the jury, and a trial court should not disturb the jury's award absent an affirmative finding of passion or prejudice, or unless the award 'is so manifestly against the weight of the evidence as to show a misconception by the jury of its duties.' *Roe v. Heim* (Dec. 8, 1999) [1999 WL 1215147, 1999 Ohio App. LEXIS 5821], Summit App. No. 19432, citing *Wilburn v. Cleveland Elec. Illum. Co.* (1991), 74 Ohio App.3d 401, 413, 599 N.E.2d 301." *Porter,* 2003-Ohio-7267, at ¶ 91.

{¶ 14} There was competent testimony that many of the injuries claimed by plaintiff were not proximately caused by the automobile accident. The jury apparently chose to credit this testimony. I find that plaintiff has failed to meet her burden to demonstrate that the damages were inadequate and appear to have been awarded due to passion or prejudice. I further find that the verdict is sustained by the weight of the evidence and that plaintiff has failed to establish good cause for granting a new trial. It follows that plaintiff's motion for new trial must be denied.

### III

{¶ 15} In her motion to tax litigation expenses as court costs, plaintiff submitted eight court reporters' bills totaling $2,837.35. She seeks to have these expenses and costs paid by defendant. Defendant argues that plaintiff was not the prevailing party and is not entitled to recover these costs.

{¶ 16} Civ.R. 54(D) provides, "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

Allowable Costs

{¶ 17} The categories of litigation expenses that are taxable as costs are limited. In *Williamson v. Ameritech Corp.* (1998), 81 Ohio St.3d 342, 343, 691 N.E.2d 288, the Ohio Supreme Court held, " 'Costs are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action *and* which the statutes authorize to be taxed and included in the judgment. * * * The subject of costs is one entirely of statutory allowance and control.' " (Citations omitted.) In *Atkinson v. T.A.R.T.A.*, 6th Dist. No. L–05–1106, 2006-Ohio-1638, 2006 WL 832832, at ¶ 10, the Sixth District Court of Appeals held, when used as evidence at trial, the reasonable expenses of recording testimony on videotape and playing that tape at trial may be taxed as costs. The court also held that the expense of procuring a transcript of that deposition is taxable as costs. Id. at ¶ 11. But the court found that court reporter fees and expert witness fees may not be taxed as costs. Id. at ¶ 12. And in *Hagemeyer v. Sadowski* (1993), 86 Ohio App.3d 563, 567, 621 N.E.2d 707, the Sixth District Court of Appeals set forth that "deposition expenses, in general, can be included in costs only if the depositions are used in evidence, see *Barrett[ v. Singer* (1979)], 60 Ohio St.2d [7] at 9, 14 O.O.3d [122], 396 N.E.2d [218]. The exception to these holdings occurs only in a case where unique factual setting gives rise to 'overriding considerations.' Id."

Prevailing Party

{¶ 18} In the present case, defendant contends that plaintiff was not the prevailing party because the amount of the jury verdict awarded to plaintiff was less than the amount defendant offered to plaintiff to settle the case prior to trial. Defendant asserts that plaintiff was offered $62,000 to settle the matter before trial, but plaintiff rejected the offer. At trial, plaintiff was awarded only $17,000. Thus, defendant maintains that she is the prevailing party and not plaintiff and that plaintiff is not entitled to an award of costs. Several methods have been employed for determining which party is considered the prevailing party for the purpose of awarding costs under Civ.R. 54(D):

1. Apportioned Costs

{¶ 19} Partial or apportioned costs have occasionally been awarded when circumstances are appropriate. 10 Wright & Miller, Federal Practice and Procedure (3d Ed.2010), Section 2667. Such a circumstance includes "when the costs incurred are greatly disproportionate to the relief obtained." 10 Moore, Federal Practice (3d Ed.2006), Paragraph 54.101[1][b].

## 2. Amount of Settlement Offer Versus Amount of Verdict

{¶ 20} Another rationale relied upon by some courts to assess costs applies where the plaintiff rejects a settlement offer before trial, and the jury then returns a verdict for less than the amount of the settlement offer. These courts have found that the defendant is the prevailing party, and costs are assessed against the plaintiff. This has been referred to as a "bird in the hand" analysis. See *Bonney v. Otis Wright & Sons, Inc.* (1996), 80 Ohio Misc.2d 5, 6, 671 N.E.2d 1385. This has also been called the *Vance* rationale. See *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 597 N.E.2d 153. In *Vance*, plaintiffs were awarded $11,000 in an arbitration proceeding. Plaintiffs appealed, and in a trial de novo, plaintiffs were awarded $5,000. Pursuant to a local rule of the Montgomery County Common Pleas Court, costs were taxed against the plaintiffs.[1] The Supreme Court of Ohio found that the local rule did not contravene Civ.R. 54(D), as plaintiffs were not the prevailing party because plaintiffs went into trial with $11,000 and came out with $5,000. A number of trial courts in Ohio have extended *Vance* to situations where, at trial, plaintiffs were awarded less than the settlement offers made prior to trial. See *Makley v. Piercy* (May 25, 1994), Warren C.P. No. 92CV50239; *Randall v. Rich* (Apr. 14, 1994), Montgomery C.P. No. 93318; *French v. Bailey* (Apr. 19, 1993), Butler C.P. No. CV91–07–1212; and *Arthur v. Rickett* (Dec. 18, 1992), Logan C.P. No. CV91–10–0247. In all of these cases, the juries awarded the plaintiffs less than the defendants' settlement offers. The courts found that the defendants were the prevailing party and assessed court costs against plaintiffs. The defendant in this case relies upon *Vance*.

## 3. Verdict/Judgment

{¶ 21} This method of ascertaining who the prevailing party is in order to assess costs "does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit * * * the party who has made a claim against the other, has successfully maintained it." (Emphasis deleted.) *Woyma v. Johnson* (Nov. 16, 1994), 11th Dist. No. 94–L–004, 1994 WL 638493. Thus, a

---

1. {¶ a} The local rule at issue, Loc.R. 2.53(Z), provides:

{¶ b} "1. In the case of any action that is tried de novo as the result of an appeal from an arbitration order, the court, in the exercise of its sound discretion, may include in the judgment an award of reasonable attorney's fees and costs for the parties as follows:
{¶ c} " * * * *
{¶ d} "b. For a defendant-appellee, if the judgment remains in defendant-appellee's favor or is reversed in defendant-appellee's favor or if the judgment in favor of plaintiff-appellant does not exceed the arbitration award by more than twenty-five percent.
{¶ e} " * * * *
{¶ f} "4. 'Costs' includes, but is not limited to, court reporter statements, deposition transcripts, travel expenses, expert witness fees and expenses associated with the preparation of demonstrative evidence."

party who received a jury verdict in its favor and was awarded damages, no matter how small, has prevailed in the lawsuit. See *Wigglesworth v. St. Joseph Riverside Hosp.* (2001), 143 Ohio App.3d 143, 150–151, 757 N.E.2d 810 ("Despite the fact that the verdict was * * * zero dollars, appellant successfully maintained his claim and prevailed on the main issue; appellee was liable * * * [on that claim, and] appellant is the prevailing party"). See also *Brinn v. Cutter* (Dec. 9, 1993), 8th Dist. No. 63669, 1993 WL 515636 (plaintiffs were the "prevailing party" when they were awarded $10 after rejecting a $500 settlement offer).

{¶ 22} The Sixth District Court of Appeals held that a "prevailing party" is one in whose favor the decision or verdict is rendered and judgment entered. *Hagemeyer,* 86 Ohio App.3d 563, 621 N.E.2d 707, citing *Yetzer v. Henderson* (June 4, 1981), 5th Dist. No. CA–1967, 1981 WL 6293. See also *Fuelling v. Wilcox* (Aug. 1, 1997), 6th Dist. No. L–97–1001, 1997 WL 440899 (it "does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who has made a claim against the other, has successfully maintained it").

{¶ 23} The Sixth District Court of Appeals decisions in *Hagemeyer* and *Fuelling* apply to the present case and require a finding that plaintiff is the prevailing party under Civ.R. 54(D). *Vance* is distinguishable from the present case, as there is no local rule that applies, and the present case does not involve an appeal from an arbitration proceeding.

■ {¶ 24} Plaintiff seeks to have the following litigation expenses taxed as costs:

| | | |
|---|---|---:|
| Deposition expenses of Dr. Gregory Forgac: | | |
| 7/6/2010 | Collins Reporting Service (attendance) | $ 106.25 |
| 7/6/2010 | Collins Reporting Service (video charges) | $ 250.00 |
| 7/6/2010 | transcription costs | $ 446.40 |
| Deposition expenses of Dr. Nicholas Lopez: | | |
| 6/29/2010 | Collins Reporting Service (attendance) | $ 97.50 |
| 6/29/2010 | Collins Reporting Service (video charges) | $ 250.00 |
| 6/29/2010 | transcription costs | $ 307.40 |
| Deposition expense of Dr. Lawrence Spetka: | | |
| 6/24/2010 | Collins Reporting Service (attendance) | $ 92.50 |
| 6/24/2010 | Collins Reporting Service (video charges) | $ 250.00 |
| 6/24/2010 | transcription costs | $ 216.15 |
| Deposition expenses of Dr. Debra Feinberg: | | |
| 7/2/2010 | Video Enterprises | $ 245.00 |
| 7/6/2010 | Pam Moceri (transcription costs) | $ 358.55 |
| Deposition expenses of Carolyn Gibson: | | |
| 6/24/2010 | Seagate Reporting Service (transcription cost) | $ 90.10 |
| 6/24/2010 | Genovese & Reno Reporting Serv. (transcription cost) | $ 127.50 |
| Total | | $ 2,837.35 |

{¶ 25} I find that plaintiff, as the prevailing party, is entitled to have taxed as costs the following:

Deposition expenses of Dr. Gregory Forgac:

| | |
|---|---|
| 7/6/2010   Collins Reporting Service (video charges) | $   250.00 |
| 7/6/2010   transcription costs | $   446.40 |

Deposition expenses of Dr. Nicholas Lopez:

| | |
|---|---|
| 6/29/2010   Collins Reporting Service (video charges) | $   250.00 |
| 6/29/2010   transcription costs | $   307.40 |

Deposition expense of Dr. Lawrence Spetka:

| | |
|---|---|
| 6/24/2010   Collins Reporting Service (video charges) $ 250.00 6/24/2010 transcription costs | $   216.15 |

Deposition expenses of Dr. Debra Feinberg:

| | |
|---|---|
| 7/2/2010   Video Enterprises | $   245.00 |
| 7/6/2010   Pam Moceri (transcription costs) | $   358.55 |

Deposition expenses of Carolyn Gibson:

| | |
|---|---|
| 6/24/2010   Seagate Reporting Service (transcription cost) | $    90.10 |
| 6/24/2010   Genovese & Reno Reporting Serv. (transcription cost) | $   127.50 |

| | |
|---|---|
| Total | $ 2,541.10 |

{¶ 26} The deposition expenses of plaintiff's doctors are taxed as costs, as the depositions were used by plaintiff at trial. However, the attendance fees for the court reporters cannot be taxed as costs. See *Atkinson*, 2006-Ohio-1638, 2006 WL 832832, at ¶ 12. Regarding plaintiff's deposition expenses, while plaintiff did not use her depositions at trial, defendant did use plaintiff's depositions during the cross-examination of plaintiff at trial. Accordingly, plaintiff is entitled to have her deposition expenses taxed as costs. See *Truck World v. Fifth Third Bank* (Sept. 29, 1995), 1st Dist. Nos. C–940029 and C–940399, 1995 WL 577521.

{¶ 27} Plaintiff is also entitled to recover the court costs of this action, when determined by the Clerk of Courts. This amount will be deducted from the $200 filing fee, and the difference returned to plaintiff. Defendant is responsible for the costs assessed. Because costs have not yet been assessed, defendant is ordered to pay those costs when the clerk's office completes its cost statement.

### *JUDGMENT ENTRY*

{¶ 28} It is ordered that plaintiff Carolyn Gibson's motion for a new trial is denied.

{¶ 29} It is further ordered that plaintiff Carolyn Gibson's motion to tax litigation expenses as court costs is granted in part, and defendant Linda Kramer is ordered to pay plaintiff the sum of $2,541.10 for costs.

So ordered.