[Cite as *DiDonato v. Roig*, 2024-Ohio-2109.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ALBERT A. DIDONATO

    Appellee

    v.

KATHLEEN L. ROIG

    Appellant

C.A. No.      23CA012057

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    21 CV 204302

DECISION AND JOURNAL ENTRY

Dated: June 3, 2024

SUTTON, Presiding Judge.

{¶1}  Defendant-Appellant Kathleen Roig appeals the judgment of the Lorain County Court of Common Pleas vacating the jury verdict and ordering a new trial on Mr. DiDonato's claims.  This Court affirms.

I.

{¶2}  On September 15, 2019, Mr. DiDonato and his wife were driving to church in Carlisle Township, Lorain County, Ohio when his pickup truck was struck by a van driven by Ms. Roig.  Ms. Roig's van struck Mr. DiDonato's pickup truck because Ms. Roig failed to stop at a red light on a traffic signal at the intersection of Grafton Road and Fuller Avenue.

{¶3}  After the collision, Mr. DiDonato was taken by ambulance to the hospital. Immediately following the accident, he complained of neck and full body pain.  Mr. DiDonato's pickup truck was totaled in the crash. At the hospital, Mr. DiDonato's cervical spine, chest, lumbar spine, and right hip were x-rayed.  He was diagnosed at the hospital with a lower back strain.

{¶4}    After leaving the hospital, the same day, Mr. DiDonato followed up his care with treatment by Dr. Salvatore Tocco.  His initial complaints were neck pain accompanied by mild headaches and cervical pain radiating into his upper and mid thoracic spine, upper and mid back pain, and lower back pain centered over his lumbar spine with radiation to his right hip and lower extremities.

{¶5}    While in Dr. Tocco's care, Mr. DiDonato received rehabilitative care, chiropractic therapy, massage and physical therapy, and therapeutic exercise.  He was also referred for MRIs of his cervical and lumbar spine.  The MRIs revealed multilevel disc protrusions, canal stenosis, and anterior spinal cord compression at C4-5. Mr. DiDonato was also treated by Dr. Sameh Yonan for epidural steroid injections.

{¶6}    Mr. DiDonato filed the instant action for negligence against Ms. Roig.  The complaint alleged Ms. Roig was negligent in causing the accident, and as a result of the accident, Mr. DiDonato had sustained bodily injury.

{¶7}    Prior to trial, Ms. Roig conceded that she ran the stop light and caused the accident.  Liability was not in dispute; therefore, Mr. DiDonato only had to establish proximate cause and damages.

{¶8}    At trial, Ms. Roig argued that Mr. DiDonato's injuries were either pre-existing or degenerative in their nature.  Mr. DiDonato, who had previously worked as a concrete laborer, had injured his back in 2000 but did not have back surgery until 2017.  After that surgery, he was unable to go back to work.  Also, in 2019, two months prior to the surgery, Mr. DiDonato had a laminectomy to relieve pain from his lower back into his legs.

{¶9}    The jury returned a general verdict finding in favor of Ms. Roig on Mr. DiDonato's claim for negligence.

{¶10}  After the jury verdict was entered, Mr. DiDonato filed a motion for a new trial pursuant to Civ.R. 59(A)(4) and Civ.R. 59(A)(6).  Ms. Roig responded in opposition.  The trial court granted the motion pursuant to Civ.R. 59(A)(6), finding that the jury verdict was against the weight of the evidence.

{¶11}  Ms. Roig timely appealed, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING PLAINTIFF'S MOTION FOR A NEW TRIAL.**

{¶12}  In her sole assignment of error, Ms. Roig argues the trial court abused its discretion in granting Mr. DiDonato a new trial.  For the reasons that follow, we disagree.

{¶13}  Mr. DiDonato filed a motion for a new trial pursuant to Civ.R. 59(A)(4) and Civ.R. 59(A)(6). Civ.R. 59(A)(4) and 59(A)(6) state as follow:

(A) Grounds for new trial.

A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

{¶14}  The trial court denied Mr. DiDonato's motion pursuant to Civ.R. 59(A)(4) because "the record is devoid of any indication that the jury considered improper evidence, improper argument by defense counsel, or any other inappropriate conduct which may have had an untoward influence on the jury.  In fact, the *only* evidence or issue that can be speculated as to the role

passion or prejudice may have played in the defense verdict is the verdict itself. And that, without more, is not enough." (Emphasis in original.)

{¶15} However, with respect to Mr. DiDonato's motion pursuant to Civ.R. 59(A)(6), the trial court found in his favor. In granting the motion, the trial court listed seven factors that were "almost wholly uncontested and demonstrate that a circumspect review of the facts cut[s] against a defense verdict and compel[s] the conclusion that the jury lost its way[.]" Those factors were: (1) Ms. Roig was at fault for the collision; (2) Ms. Roig admitted that Mr. DiDonato was injured; (3) EMS transported Mr. DiDonato to the emergency room; (4) Mr. DiDonato clearly suffered injury and pain at the scene of the accident and thereafter; (5) Mr. DiDonato had no prior neck pain before the accident; (6) The medical records document months of treatment and associated pain; and (7) Mr. DiDonato's doctors confirmed injury directly related to the collision.

{¶16} The trial court, in concluding a new trial was warranted, also stated, "[a]dditional factors supporting a new trial include the fact that [Mr.] DiDonato's vehicle was a total loss, he was in serious, obvious distress immediately after the collision, and even [Ms.] Roig's expert, Dr. Krewson, agreed that [Mr.] DiDonato's MRI was medically necessary and that there were anomalies in some of his discs, though Dr. Krewson attributed that to degeneration. In addition, recall that [Mr.] DiDonato recently had surgery before the accident and posited substantial, credible evidence that the collision aggravated his preexisting condition."

{¶17} The trial court further added, "this [c]ourt witnessed the entire trial and notes for the record that the thrust of [Ms.] Roig's defense, understandably, was not that [Mr.] DiDonato was uninjured or should receive no compensation, but that his injuries were nowhere near as serious or debilitating as he was making them out to be."

{¶18}  As this Court previously stated in *Windward Enterprises, Inc. v. Valley City Dev. Group LLC*, 9th Dist. Medina No. 18CA0001-M, 2019-Ohio-3419, ¶ 18:

> A new trial should be granted pursuant to Civ.R. 59(A)(6) if the jury's verdict was not supported by competent, substantial, and credible evidence.
>
> When considering a Civ.R. 59(A)(6) motion for a new trial, a trial court must weigh the evidence and pass on the credibility of the witnesses. Yet, the trial court assesses the weight and credibility in a more limited sense than would a jury; the court is to determine, in light of its broad discretion, whether a manifest injustice has occurred. The job of the appellate court is to review whether the trial court abused its discretion in making this determination. Absent some indication that the trial court was unreasonable, arbitrary or unconscionable in exercising its discretion, the judgment of the trial court will not be disturbed.

(Internal quotations and citations omitted.)

{¶19}  The Supreme Court of Ohio has noted that statutes enacted for public safety that impose specific duties on operators of motor vehicles, when violated, constitute negligence per se. *Spalding v. Waxler*, 2 Ohio St.2d 1 (1965).  Here, Ms. Roig admitted that she failed to yield at the red light.  Therefore, she was negligent per se, and the only issues for Mr. DiDonato to prove, and the jury to consider, were proximate cause and damages.  *Sikora v. Wenzel*, 88 Ohio St.3d 493, 497 (2000).

{¶20}  The trial court found that the jury's verdict was against the manifest weight of the evidence because there was uncontroverted evidence in the record that Mr. DiDonato was in fact injured by the accident.  The record shows, and it was not disputed, that Mr. DiDonato suffered pain immediately after the accident and that evening at the hospital.  As the trial court noted, Mr. DiDonato experienced neck pain, which was new and not pain Mr. DiDonato had experienced prior to the accident.  The parties disagreed as to the cause of Mr. DiDonato's post-accident back pain – whether Mr. DiDonato's back pain was degenerative, whether it was caused by the accident, or whether it was degenerative and exacerbated by the accident.  While the parties disputed the

causation of Mr. DiDonato's back pain, evidence in the record demonstrated that he was in fact injured as a result of the accident that day. Therefore, on this record, we cannot say that the trial court abused its discretion in granting Mr. DiDonato's motion for a new trial.

{¶21} Ms. Roig's assignment of error is overruled.

III.

{¶22} Ms. Roig's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

CARR, J.
HENSAL, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ANNE M. MARKOWSKI, Attorney at Law, for Appellant.

MARK J. OBRAL and CHRISTOPHER S. PACE, Attorneys at Law, for Appellee.